**CIRCUIT COURT OF FAIRFAX COUNTY**

Wiegers and Greenwald
Design and Construction, Inc.

v.

James L. Guffey et al.

October 25, 1989

Case No. (Chancery) 111987

By JUDGE J. HOWE BROWN

This case is before the Court upon the Demurrer filed by the various defendants to the Petition for Appeal (Petition). The Petition seeks review of action by James L. Guffey (Guffey), Chief, Law Enforcement, of the Department of Commerce, and declaratory and injunctive relief under state and federal statutes and constitutions.

The facts, taken from the Petition for Appeal, may be simply stated. The Virginia Department of Commerce investigated a complaint that Wiegers and Greenwald Design and Construction, Inc., now Greenwald Cassell Associates, Inc. (Greenwald), was engaging in and holding itself out as engaging in the practice of architecture without a proper license. In due course, after investigation and without a formal hearing, Guffey issued a letter addressed to Greenwald, dated May 23, 1989 (the letter), which stated in part: "You are ordered to cease and desist from using any modification or derivative of the word 'architecture' in your firm name or description of your business activity in a manner that indicates or implies that your firm practices or offers to practice architecture." In addition, the letter invited Greenwald to sign and return a copy "so that we know you are aware of this serious matter

and that you will cease and desist as ordered." By agreement of counsel, the letter is considered as part of the Petition.

The Petition alleges that the letter constitutes a case decision under the Administrative Process Act (APA). The Petition alleges that the letter was issued contrary to the APA. The Petition alleges that the issuance of the letter without a hearing violated Greenwald's right to due process under the Virginia and United States constitutions. The Petition alleges that Virginia Code Section 54.1-406(c) is unconstitutional as applied to Greenwald. The Petition invokes the jurisdiction of the Court pursuant to 42 U.S.C. §§ 1983 and 1988. Named as defendants, in addition to Guffey and the Department of Commerce (Department), are the Director of Commerce, David Hathrock (Hathrock); the Board of Architects, Professional Engineers, Land Surveyors and Landscape Architects (Board); and the individual members of the Board (Board members).

The grounds for the Demurrer will be considered as stated in the Demurrer and amplified in the Memorandum of Support of Demurrer.

The Demurrer alleges that the Petition is "moot" because, as a matter of fact, Greenwald could comply with the licensing statute. This argument begs the question. First, it is not clear from the Petition that Greenwald honestly could comply. Second, a party ought not be required to comply with a statute which has been unconstitutionally applied to that party. The Demurrer on the ground of mootness is overruled.

Guffey and Hathrock are named as defendants in their individual capacities, as well as in their official capacities. The Petition alleges actions on their parts only in their official capacities. There is no basis in the Petition for individual liability. The Demurrer is sustained without leave to amend as to Guffey and Hathrock, individually.

The Board and its members are not proper parties to this action, and there are no claims against them which can be adjudicated in this action. Greenwald complains that the letter was issued by Guffey without a proper hearing and in derogation of Virginia law. The Petition claims that the statute is unconstitutional. The issues can and will be determined without the Board and its

members. The Demurrer is sustained without leave to amend as to the Board and its members.

The Demurrer says the letter is not a "case decision," and therefore, the APA does not apply. Virginia Code Section 9-6.14:4 (1989 Repl. Vol.) defines case decision as "any agency . . . determination that . . . a named party as a matter of . . . fact . . . is . . . or may be (i) in violation of such law or regulation . . . ." The letter fits this definition like a glove. The Department of Commerce is an "agency." The letter names Greenwald as a party. The letter states as a fact that Greenwald's "advertising is prohibited . . ." by Virginia law. To call the letter anything other than a case decision is to ignore the language of the letter. The Demurrer on this ground is overruled.

The Demurrer states a number of times that a state court has no jurisdiction to grant relief pursuant to 42 U.S.C., §§ 1983 or 1988. The Memorandum in Support of Demurrer fleshes out this statement. The defendants' position on Demurrer apparently is that the doctrine of sovereign immunity insulates state officers from Sections 1983 and 1988. There is a confusing line of United States Supreme Court and other federal court decisions concerning liability of state officers under § 1983. These decisions culminate in the most recent pronouncement in *Will v. Michigan*, 491 U.S. ---, 105 L. Ed. 2d 45 (1989). From the decision in the *Will* case and from footnote 10 in the majority opinion, the present law on the subject is as follows: Neither states nor state officials are "persons" under Section 1983 for the purpose of a suit for damages. A state official is a "person" under § 1983 when sued for injunctive relief. A successful litigant may recover attorney's fees and costs under §§ 1983 and 1988. The present case seeks not damages but injunctive and prospective relief, and if such relief is granted, Greenwald may be able to recover attorney's fees and costs under Sections 1983 and 1988. Therefore, the Demurrer on this ground is overruled.

To the extent there are grounds of Demurrer not addressed in this letter, the Demurrer is overruled.